**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**TOBY VONGKULTRUP and SANCHAI SOM, on behalf of themselves and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.** **Case No.:**

**TSUNAMI IN ST. PETERSBURG INC. d/b/a TSUNAMI JAPANESE STEAKHOUSE and GARY LIN, an individual**

**Defendants.**

______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, TOBY VONGKULTRUP and SANCHAI SOM ("Plaintiffs"), by and through undersigned counsel, on behalf of themselves and on behalf of all others similarly situated, brings this action against Defendants, TSUNAMI IN ST. PETERSBURG INC. d/b/a TSUNAMI JAPANESE STEAKHOUSE ("Tsunami") and GARY LIN, in his individual capacity ("Defendants"), and in support of their claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. for failure to pay overtime wages under 29 U.S.C. § 215(a)(3) and to remit all tips earned, and for damages under the Internal Revenue Code, 26 U.S.C. §7434. This Complaint is filed as a collective action under 29 U.S.C. § 216(b).

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq., and 26 U.S.C. §7434.

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida, which lies within the Middle District of Florida.

**PARTIES**

4. Plaintiffs are residents of Pinellas County, Florida.

5. Defendants operate a restaurant in St. Petersburg, in Pinellas County, Florida.

**GENERAL ALLEGATIONS**

6. Plaintiffs have satisfied all conditions precedent, or they have been waived.

7. Plaintiffs have hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiffs request a jury trial for all issues so triable.

9. At all times material hereto, Named Plaintiffs TOBY VONGKULTRUP and SANCHAI SOM were employed by Defendants as hibachi chefs.

10. The similarly situated employees consist of all other employees of Defendants within the last three years.

11. At all times material hereto, Plaintiffs and the similarly situated employees were "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such were subject to the individual coverage of the FLSA.

12. At all times material hereto, Plaintiffs and the similarly situated employees were "employees" of Defendants within the meaning of the FLSA.

13. At all times material hereto, Defendant Tsunami was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

14. Defendant Tsunami continues to be an "employer" within the meaning of the FLSA.

15. At all times material hereto, Defendant Tsunami was and continues to be an enterprise covered by the FLSA. See 29 U.S.C. §§ 203(r) and 203(s).

16. At all times relevant to this action, Defendant Tsunami engaged in interstate commerce within the meaning of the FLSA. See 29 U.S.C. § 203(s).

17. At all times relevant to this action, the annual gross sales volume of Defendant Tsunami exceeded $500,000 per year.

18. Defendant Gary Yin is the owner of Tsunami.

19. As part of his duties, Defendant Gary Yin supervised Plaintiffs, and exercised control over the wages, hours, and working conditions of Plaintiffs and the similarly situated employees. Defendant Gary Yin also controlled the payroll practices of Tsunami.

20. Through the exercise of dominion and control over all employee-related matters at Tsunami, in his individual capacity Gary Yin is also an "employer" within the meaning of the FLSA.

21. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as is required under the Internal Revenue Code. In particular, 26 U.S.C. 26

§7434(d) provides that "[a]ny person bringing an action under [26 U.S.C. 26 §7434] subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court.

## FACTS

22. Named Plaintiff TOBY VONGKULTRUP began working for Defendants as a hibachi chef in May 2015.

23. Named Plaintiff SANCHAI SOM began working for Defendants as a hibachi chef in 2012 and worked in this capacity until July 2016.

24. At various times material hereto, Plaintiffs and the similarly situated employees worked hours in excess of forty (40) hours within a work week for Defendants, and they were entitled to be compensated for these overtime hours at a rate equal to one and one-half times their individual regular hourly rate.

25. Defendants failed to pay Plaintiffs and the similarly situated employees for hours worked over 40 and the overtime premium for all of their overtime hours, in violation of the FLSA.

26. By failing to accurately record all of the hours worked by Plaintiffs and The similarly situated employees, Defendants have failed to make, keep, and preserve records with respect to each of its employees in a manner sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA. See 29 C.F.R. § 516.2

27. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

28. At various times material hereto, Defendants reported tips on Plaintiffs' paystubs that were not paid to Plaintiffs.

29. Defendants also failed to pay to Plaintiffs all tips earned.

30. By reporting tips on Plaintiffs' paystubs and W-2 that Plaintiffs did not actually receive, Defendants filed a false information return.

31. By reporting tips on Plaintiffs' paystub and W-2 that Plaintiffs did not actually receive, Plaintiffs paid taxes on money that he did not actually receive.

32. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

## COLLECTIVE ACTION ALLEGATIONS

33. Plaintiffs brings this case as an "opt-in" collective action on behalf of themselves and on behalf of similarly situated employees of Defendants pursuant to 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join as plaintiffs.

34. Therefore, notice is properly sent to: "All employees whom Defendants failed to compensate for all of the overtime hours that they worked from 2013 to the present."

35. The total number and identities of the similarly situated employees may be determined from the records of Defendants, and the similarly situated employees may easily and quickly be notified of the pendency of this action.

36. Plaintiffs are similar to the similarly situated employees because they have been unlawfully denied full payment of their overtime wages as mandated by the FLSA.

37. Plaintiffs' experiences with Defendants' payroll practices is typical of the experience of the similarly situated employees

38. Defendants' failure to pay all overtime wages due at the rates required by the personal circumstances of each employee is common to the similarly situated employees

39. Overall, Plaintiffs' experiences with Defendants is typical of the experience of the similarly situated employees

40. Specific job titles or job duties do not prevent collective treatment.

41. Although the issue of damages can be individual in character, there remains a common nucleus of operative facts concerning Defendants' liability under the FLSA in this case.

**COUNT I – FLSA OVERTIME VIOLATIONS**

42. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 41 of this Complaint, as fully set forth herein. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees in accordance with 29 U.S.C. § 216(b). Plaintiffs anticipate that as this case proceeds, other individuals will sign consent forms and join this collective action as plaintiffs.

43. During the statutory period, Plaintiffs and the similarly situated employees worked overtime hours while employed by Defendants, and they were not properly compensated for all of these hours under the FLSA.

44. Defendants failed to compensate Plaintiffs and the similarly situated employees for all of the overtime hours that Plaintiffs and the similarly situated employees worked.

45. Defendants failed to pay Plaintiffs and the similarly situated employees the overtime premium due for hours worked over 40 in a workweek.

46. The similarly situated employees are similarly situated because they were all employed by Defendants, were compensated in the same manner, and were all subject to Defendants' common policy and practice of failing to pay its employees for all of the overtime hours that they worked, and the applicable overtime premium.

47. This reckless, willful practice violates the provisions of the FLSA, specifically 29 U.S.C. § 207(a)(1). As a result, Plaintiffs and the similarly situated employees who have opted into this action are each entitled to an amount equal to their unpaid overtime wages as liquidated damages.

48. All of Defendants' conduct, as alleged and described above, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

49. As a result of the foregoing, Plaintiffs and the similarly situated employees have suffered damages.

***WHEREFORE***, Plaintiffs and all similarly situated employees who join this collective action demand:

(a) Designation of this action as a collective action on behalf of Plaintiffs and the similarly situated employees that they seeks to represent, in accordance with the FLSA;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated employees, apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b);

(c) Equitable tolling of the statute of limitations from the date of the filing of this complaint until the expiration of the deadline for filing consent to sue forms under 29 U.S.C. § 216(b);

(d) Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by this Court;

(e) Judgment against Defendants for an amount equal to the unpaid overtime wages of Plaintiffs and all opt-in similarly situated employees at the applicable overtime rate;

(f) A declaratory judgment stating that the practices complained of herein are unlawful under the FLSA;

(g) Judgment against Defendants for an amount equal to the unpaid back wages of Plaintiffs and all opt-in similarly situated employees at the applicable overtime rate, as liquidated damages;

(h) Judgment against Defendants stating that their violations of the FLSA were willful;

(i) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(j) All costs and attorney's fees incurred in prosecuting these claims; and

(k) For such further relief as this Court deems just and equitable.

**COUNT II – FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434(a)**

50. Plaintiffs reallege and readopts the allegations of Paragraphs 1 through 41 of this Complaint, as fully set forth herein.

51. By reporting tips on Plaintiffs' paystubs and W-2 that Plaintiffs did not actually receive, Defendants filed a false information return.

52. By reporting tips on Plaintiffs' paystub and W-2 that Plaintiffs did not actually receive, Plaintiffs paid taxes on money that he did not actually receive.

53. Under the Internal Revenue Code, 26 U.S.C. § 7434, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return."

***WHEREFORE***, Plaintiffs demand:

(a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiffs, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

(b) That Defendants be ordered to take all the necessary steps to correct the above identified information returns.

(c) All costs and attorney's fees incurred in prosecuting these claims; and

(d) For such further relief as the Court deems just and equitable.

**COUNT III – FLSA UNPAID WAGES**

54. Plaintiffs reallege and readopt the allegations of Paragraphs 1 through 41 of this Complaint, as fully set forth herein.

55. During the statutory period, Plaintiffs and the similarly situated employees worked for Defendants, and Defendants agreed to pay Plaintiffs and the similarly situated employees for their services.

56. Defendants withheld payment from Plaintiffs and the similarly situated employees a portion of their "tips" that Plaintiffs and the similarly situated employees had earned from Defendants' customers.

57. Defendants' practice of unlawfully withholding these monies from Plaintiffs' and the similarly situated employees' wages and tips constitutes a failure to pay the federal minimum wage to employees for hours worked, in violation of the FLSA.

58. By unlawfully deducting these monies from Plaintiffs' and the similarly situated employees' wages and tips, Defendants obtained "kick backs" from Plaintiffs, in violation of 29 CFR §531.35.

59. Defendants' unlawful deduction practices violate the provisions of the FLSA. As a result, Plaintiffs and the similarly situated employees are entitled to an amount equal to their unpaid wages, as measured by the unlawful deductions made by Defendants to their weekly wages, as liquidated damages.

60. All of the foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. §255(a).

61. As a result of the foregoing, Plaintiffs and the similarly situated employees

have suffered damages.

**WHEREFORE**, Plaintiffs demand:

(a) A jury trial on all issues so triable;

(b) Judgment against Defendants that its violations of the FLSA were willful;

(c) Judgment against Defendants for an amount equal to Plaintiffs' and the similarly situated employees' unpaid wages, as measured by Defendants' unlawful deductions, as liquidated damages;

(d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

(e) All costs and attorney's fees incurred in prosecuting these claims; and

(f) For such further relief as this Court deems just and equitable.

**<u>COUNT IV – UNPAID WAGES</u>**

62. Plaintiffs reallege and readopt the allegations of paragraph 1 through 41 as though fully set forth herein.

63. During the statutory period, Plaintiffs worked for Defendants and Defendants agreed to pay Plaintiffs for their services.

64. Defendants failed and refused to compensate Plaintiffs all wages owed to Plaintiffs.

65. As a result of the foregoing, Plaintiffs have suffered damages.

**WHEREFORE**, Plaintiffs demand:

(a) A jury trial on all issues so triable;

(b) That process issues and that this Court take jurisdiction over the case;

(c) Judgment against Defendants for an amount equal to Plaintiffs' unpaid back wages;

(d) All costs and attorney's fees incurred in prosecuting these claims, pursuant to Fla. Stat. §448.08; and

For such further relief as the Court deems just and equitable.

**JURY TRIAL DEMAND**

Plaintiffs demand trial by jury as to all issues so triable.

Dated this 2 day of ~~November,~~ December 2016.

Respectfully submitted,

**DONNA V. SMITH**
Florida Bar Number: 661201
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: 813-386-0995
Facsimile: 813-229-8712
Email: dsmith@wfclaw.com
Email: mcambronero@wfclaw.com
**Attorneys for Plaintiffs**